### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RANDALL CUNNINGHAM, ISABEL  )
SIPPO-STOCKMAN, SRUTI BHAUMIK, )
and KUAWANDA RAGLAND,   )
individually and as the representatives of a )
class of similarly situated persons,  )  Case No.: 1:26-cv-00708
           )
     Plaintiffs,  )  Honorable John Robert Blakey
           )
   v.      )
           )
SMARTE INC., a California corporation, )
           )
     Defendant.  )

### INITIAL STATUS REPORT FOR NEW CASE

Plaintiffs Randall Cunningham, Isabel Sippo-Stockman, Sruti Bhaumik, and Kuawanda Ragland and Defendant SMARTe, Inc (collectively, "the Parties") have conferred as required by Rule 26(f) and this Court's February 2, 2026, Order (Doc. 10), and submit the following Initial Status Report.

**I. Nature of Case.**

 **A. Attorneys of record:**

For Plaintiffs:

Wallace C. Solberg
Patrick J. Solberg
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Tele: 847-368-1500
wsolberg@andersonwanca.com
psolberg@andersonwanca.com

For Defendant:

Chirag H. Patel
CLARK HILL PLC
100 E. Randolph St. Suite 3900
Chicago, IL 60601
Tele: 312-985-5900
cpatel@clarkhill.com

Myriah V. Jaworski (*pro vac vice* forthcoming)
CLARK HILL PLC
350 Tenth Avenue, Suite 1200
San Diego, CA 92101
mjaworski@clarkhill.com

1

**B.      Nature of Claims:**

**<u>Plaintiffs' Statement</u>:** Plaintiffs bring this class action complaint alleging that Defendant violated their right of publicity under state statutes in Illinois, California, and Alabama. These state statutes protect individuals from the unauthorized use of their identities for commercial purposes without first obtaining consent. *See* Illinois Right of Publicity Act ("IRPA"), 765 ILCS § 1075/1 *et seq.*; California Civil Code § 3344, *et seq.*; and Alabama Right of Publicity Act ("ARPA") Ala. Code § 6-5-770 *et seq.* Plaintiffs seek to certify classes for each of these states.

Defendant provides an internet-based business search platform to help visitors to its website connect with prospective business-to-business ("B2B") clients. Users of Defendant's platform can search for and obtain information about companies and individuals from its database. For individuals, this information is presented as a "profile" and includes such information as their names, contact information, and job titles. Defendant allows users to access and use its platform for free after providing a business email address. However, this free access is limited in platform functionality and the number of profiles that can be viewed. Defendant also provides users with paid subscription access to its platform and database. The paid subscriptions allow the user to access more platform tools and individual profiles. Plaintiffs allege that Defendant provides free access to its platform and database to have users familiarize themselves with the platform to market paid subscriptions.

Plaintiffs and the putative class members have no relationship with Defendant. They do not and have not subscribed to or used Defendant's platform. Plaintiffs and the putative class members allege they never provided Defendant with consent, written or otherwise, to use their identity to advertise paid for subscriptions to its platform. Plaintiffs further allege that, despite failing to obtain their consent, Defendant utilized their personal identifying information for the

purpose of enticing users of Defendant's platform to enter into paid premium subscriptions for additional access to the platform. In other words, Plaintiffs allege that Defendant used their identities for commercial purposes without their permission in violation of the various right of publicity statutes. Federal district courts here and elsewhere have consistently found such allegations a "textbook" example of using a person's identity for a commercial purpose. *See Lukis v. Whitepages, Inc. ("Lukis I"),* 454 F. Supp. 3d 746, 760 (N.D. Ill. 2020) (the use of a person's name and identity in a free preview to solicit subscriptions for an online web database is "a textbook example under the IRPA of using a person's identity for a commercial purpose"); *Green v. Datanyze*, 2024 WL 168123, at *2 (N.D. Ill. Jan. 16, 2024) (same) (collecting cases); *Kis v. Cognism, Inc.*, 2024 WL 3924553, at *5-*6 (N.D. Cal. Aug. 23, 2024) (Cal. Civ. Code § 3344); *Camacho v. Control Group Media Co., LLC*, 2022 WL 3093306, at *30 (S.D. Cal. July 18, 2022) (Cal. Civ. Code § 3344 and ARPA).

**Defendant's Statement:** Over the past half-decade this Court has seen a proliferation of cases attempting to adapt statutory right of publicity laws to websites that contain any sort of search functionality containing information about individuals. As Plaintiffs observe, a necessary element of every right of publicity statute is of an individual's identity "for a commercial purpose." *See Pls.' Stmt., supra*; 765 ILCS 1075/30 ("A person may not use an individual's identity for commercial purposes"); Cal. Civ. Code § 3344(a)(1) (prohibiting use of identity information "on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services . . . ."); AL Code § 6-5-772 (prohibiting "the use of the indicia of identity . . . on or in products, goods, merchandise, or services . . . or for purposes of advertising or selling, or soliciting . . . ").

3

Applying the "commercial use" element to claims against search-based websites, this Court (and others) have repeatedly held that there is no "commercial use" when a plaintiff was never searched by an independent third-party (or was only searched by the plaintiff's attorney or agent.) *Hoffower v. Seamless Contacts Inc.*, 736 F. Supp. 3d 605, 614 (N.D. Ill. 2024) (Kennelley, J.) (granting summary judgment where there was "no evidence that the [defendant's website] displayed [the plaintiff's] information at any time other than the single instance when her then attorney searched her name on the [defendant's] website."; *Braundmeier v. Ancestry.Com Operations, Inc.,* 764 F. Supp. 3d 749, 756 (N.D. Ill. 2025) (granting summary judgment holding that "like "plaintiff in *Hoffower*, the only evidence plaintiffs present of Ancestry displaying their identifying information is the results of a search conducted by their attorney"); *Wilson v. Ancestry.com LLC,* No. 2:22-CV-861, 2024 WL 3992356, at *7 (S.D. Ohio Aug. 27, 2024), *appeal dismissed*, No. 24-3842, 2025 WL 918700 (6th Cir. Jan. 16, 2025) (granting summary judgment finding that "[t]he undisputed facts before the Court establish that the Pop-Up with [plaintiff's] likeness never existed, so the underlying alleged commercial use and misappropriation never occurred"); *see also Ambrozewicz v. 6Sense Insights, Inc*., 804 F. Supp. 3d 1026, 1036 (N.D. Cal. 2025) (granting 12(b)(6) motion finding very similar website was not "sufficiently commercial to fall within the scope of" Illinois, California, Ohio, and Indiana right of publicity statutes); *Azuz v. Accucom Corp*., No. 21 C 1182, 2025 WL 2807653, at *6 (N.D. Ill. Oct. 2, 2025) (Hunt, J.) (granting factual 12(b)(1) challenge holding that "mere presence of Plaintiff's information on the [defendant] website causes no concrete injury if it is not accessed by a third party for [defendant's] commercial purpose").

Like in *Hoffower, Braundmeier, Wilson, Ambrozewicz, and Azuz,* in this case, there has been no commercial use as matter of fact or law. Like in *Ambrozewicz* (which featured a nearly

4

identical website), Defendant's website is not "sufficiently commercial to fall within the scope of" the right of publicity statutes alleged, as a matter of law. But in any event, like the plaintiffs in *Hoffower, Braundmeier, Wilson,* and *Azuz,* there was no commercial use as a matter of fact because Plaintiffs have only been viewed on Defendant's website by Plaintiffs' own agents in preparation of this litigation (either plaintiff's counsel or its investigator, Darrow.AI). Plaintiffs' right of publicity theory also violates the 1st Amendment, as applies because it penalizes the publication of truthful information. *See* Vrdolyak v. Avvo, Inc.*,* 206 F. Supp. 3d 1384, 1388 (N.D. Ill. 2016) (Gettleman, J.).

Because the issue of the lack of "commercial use" is dispositive and based on simple facts, Defendant intends to immediately file a motion for summary judgment on or before March 11, 2025. Defendant's motion for summary judgment will be submitted by the necessary facts to demonstrate that no commercial use occurred for any of the Plaintiff. Defendant submits that all other discovery should be stayed until the Court resolves the motion for summary judgment. Defendant contests Plaintiffs' claims and damages. To date, there have been no counterclaims or third-party claims filed.

> **C.**     **Legal and Factual Issues:**

> 1.      Whether Defendant used Plaintiffs Randall Cunningham and Isabel Sippo-Stockman's "identit[ies] for commercial purposes . . . without having obtained previous written consent" in violation of 765 ILCS 1073/30.

> 2.      Whether the allegations of Plaintiffs Cunninham and Sippo-Stockman satisfy the requirements of Fed. R. Civ. P. 23 with respect to Plaintiffs' proposed Illinois Class.

3. Whether Defendant knowingly used Plaintiff Sruti Bhaumik's name . . . for the purpose of advertising or selling or soliciting purchases of . . . services without her consent" in violation of Cal. Civ. Code § 3344.

4. Whether the allegations of Plaintiff Bhaumik satisfy the requirements of Fed. R. Civ. P. 23 with respect to Plaintiffs' proposed California Class.

5. Whether Defendant "used or caused the use of an indicia of identity of" Plaintiff Kuawanda Ragland "for the purposes of advertising or selling, or soliciting purchases of . . . services" in violation of Alabama Code § 6-5-772

6. Whether the allegations of Plaintiff Ragland satisfy the requirements of Fed. R. Civ. P. 23 with respect to Plaintiffs' proposed Alabama Class.

7. Whether Plaintiffs and the putative classes are entitled to damages under the respective state laws applicable to such classes.

8. Whether Plaintiffs right of publicity theories, as applied, violate the 1st Amendment.

**D.     Relief Sought:**

Plaintiffs seek an order: (i) declaring that Defendant's conduct violates the various right of publicity statutes; (ii) requiring that Defendant cease the unlawful activities described herein; (iii) awarding Plaintiffs and the proposed Classes statutory damages in an amount prescribed by statute per violation or an amount equal to actual damages/profits, whichever is greater; and (iv) an award for punitive damages, if warranted, and attorneys' fees and costs.

Defendant denies that Plaintiffs are entitled to any relief whatsoever.

**II.     Jurisdiction.**

Defendant removed this case from Illinois state court pursuant to 28 U.S.C. §§ 1332, 1441,

1446, and 1453. (Doc. 1). Defendant alleges that the Court has jurisdiction over this action based upon the allegations of the Original Complaint because (i) it is brought as a putative class action, (ii) the matter in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs, (iii) a member of the putative class of Plaintiffs is a citizen of a State different from Defendant, (iv) Defendant is not a state, state official, or other governmental entity, and (v) the putative class exceeds one hundred members. *See* 28 U.S.C. § 1332(d); Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1 *et seq*.

With respect to jurisdiction, the Court raises two direct concerns for this report—the amount in controversy and the state of citizenship of each named party. As to the first concern, the amount in controversy exceeds the jurisdictional threshold. Plaintiffs seek, among other relief, statutory damages and injunctive relief under IRPA, California Civil Code § 3344, and ARPA. The statutory damages for each statute are as follows:

(i)  IRPA, $1,000 per violation, 765 ILCS § 1075/40;

(ii)  (ii) California Civil Code § 3344, $750 per person; and

(iii)  (iv) ARPA, $5,000 per action, Ala. Code § 6-5-774.

Based on the allegations in the Original Complaint, along with the scope and extent of the Defendant's database, the total amount of damages—if successful—will exceed $5,000,000. Plaintiffs have no reason to dispute this conclusion; however, Plaintiffs note that Defendant is in sole possession of the number of individuals contained in its database.

As to citizenship, Plaintiffs are citizens of Illinois, California, and Alabama. Defendant is a California corporation with its principal place of business located in California. Because at least one member of the proposed class is a citizen of a state different from any defendant, minimal diversity exists. *See* 28 U.S.C. § 1332(d)(2)(A).

**III.     Status of Service.**

All parties have been served.

**IV.     Consent to Proceed Before a United States Magistrate Judge.**

The Parties have discussed the advantages of a Magistrate Judge referral, among themselves and with their respective clients, and the Parties have **not** unanimously consented to proceed before the assigned Magistrate Judge.

**V.     Motions.**

**Defendant's Position:** As set forth in Section (I)(B), *supra*, Defendant will immediately be moving for summary judgment based on the lack of commercial use as a matter of fact or law.

**Plaintiffs' Position:** Plaintiffs originally filed this matter in state court on December 12, 2025. (*See* Doc. 1). Contemporaneously with the filing of the Complaint, Plaintiffs filed a Motion for Class Certification, *i.e.,* a "placeholder" motion. (Doc. 1 at ex. B).  That motion is still pending. Defendant filed its Answer and Affirmative Defenses to the Complaint on February 20, 2026. (Doc. 11).  Plaintiffs intend on filing their First Amended Complaint ("FAC"), as of right, and their amended placeholder motion, on or before March 13, 2026, and have advised Defendant of same prior to the filing of this Joint Status Report.  Plaintiffs respectfully submit that their proposed dates for the case plan (Section VI below) be held in abeyance until Defendant has answered the FAC and the Parties are at issue.

**VI.     Case Plan.**

**Defendant's Position**: Discovery should be stayed pending resolution of Defendant's Motion for Summary Judgment.

In this case, all facts related to Defendant's forthcoming motion for summary judgment are simple and exclusively in Defendant's possession (business records demonstrating a lack of

commercial use by a third-party on the website). This will avoid the unnecessary cost of expansive discovery and allow for expedient resolution of Plaintiffs' claims by this Court. If the motion for summary judgment is not granted, Defendant agrees that a 15-month schedule that tracks Plaintiffs' proposed schedule is sufficient.

**Plaintiff's Position:** Plaintiffs expect discovery to include: responses to requests for production of documents, responses to interrogatories, responses to requests for admissions, production of documents by non-parties via Fed. R. Civ. Pro. 45 subpoenas, depositions of parties and party representatives, depositions of non-parties, expert discovery, and expert discovery depositions. With respect to Defendant's request that discovery be stayed pending the resolution of Defendant's yet to be filed summary judgment motion as to the original complaint, Plaintiffs oppose for the following reasons.

First, Plaintiffs submit that Defendant, after it has responded to the FAC, should be required to file (if it is so inclined) a motion to stay discovery rather than simply assert in wholly conclusory fashion that there is no need for discovery because its motion for summary judgment "will be submitted by the necessary facts to demonstrate that no commercial use occurred for any of the Plaintiff." *See supra*. In fact, as Plaintiffs will demonstrate (at the appropriate time), the authorities cited by Defendant—*Hoffower, Braundmeier, Wilson, Azuz, Ambrozewicz*, and *Vrdolyak*—are either factually inapposite, wrongly decided, and/or are contrary to substantial authority in the Northern District of Illinois.

While this Court has the discretion to decide whether to limit the scope and sequence of discovery under Rule 26(c) and (d) of the Federal Rules of Civil Procedure, *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996), courts decline to stay discovery where the outcome of the dispositive motion is uncertain and granting the stay will

prolong discovery later in the case. *See, e.g.*, *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 162 (N.D. Ill. Feb. 12, 1993) (denying stay pending motion to dismiss where stay would "essentially delay or prolong discovery" and "impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems"); *Fairley v. Andrews,* 432 F. Supp. 2d 800, 806 (N.D. Ill. 2006) (denying motion where stay "is unlikely to significantly expedite the litigation, and may actually slow it down"); *Builders Ass'n*, 170 F.R.D. at 437 (denying motion where stay was more likely to slow the progress of the litigation than speed it up).

Second, assuming *arguendo* the Court is inclined to limit discovery in some fashion, Plaintiffs should at the very least be permitted discovery as to Defendant's "no commercial use" and "First Amendment" arguments that Defendant states it intends to make. This discovery would entail documents and testimony regarding: (i) Plaintiffs' presence, *i.e.*, their identities, being contained in the SMARTe database, (ii) the results of all searches conducted by Defendant of Plaintiffs in the SMARTe database, (iii) facts regarding Defendant's offer of a free trial; (iv) documents related to the marketing of the SMARTe platform through the free trial, and (v) facts and documents regarding Defendant's First Amendment argument. To the extent Plaintiffs determine it is necessary, Defendant should be required to produce a Rule 30(b)(6) witness regarding the foregoing and regarding Defendant's answer to the FAC. In sum, Plaintiffs should be afforded a reasonable opportunity to explore these and other issues in discovery in order to respond on the merits to Defendant's motion for summary judgment.

The Parties anticipate discovery will include ESI and will meet and confer on an ESI protocol if and when necessary. Plaintiffs respectfully proposed the following dates for discovery, class certification and dispositive motions.

10

**A.    Schedule.**

| Event | Deadline |
|---|---|
| Motion to Amend the Pleadings | April 2, 2026 |
| Rule 26(a)(1) disclosures | April 2, 2026 |
| Completion of Fact Discovery | January 18, 2027 |
| Disclosure of Plaintiff's Expert Report(s) | January 25, 2027 |
| Deposition of Plaintiff's Expert | February 25, 2027 |
| Disclosure of Defendant's Expert Report(s) | March 5, 2027 |
| Deposition of Defendant's Expert | April 23, 2027 |
| Disclosure of Plaintiff's Expert Rebuttal Report (if any) | June 4, 2027 |
| Plaintiff to file Class Certification Motion | July 16, 2027 |
| Cut off Date for Dispositive Motions | 60 days after Court ruling on Class Certification. |

**B.    Trial.**

Neither party has demanded a jury trial.  Until the triable issues are framed by the Court's decision on summary judgment, it is difficult to estimate the length of a trial. Given the nature of the claims at issue however, the Parties anticipate a trial should last approximately **three (3) to five (5)** trial days.

**VII.    Status of Settlement Discussions.**

The Parties have not engaged in settlement discussions and do not request a settlement conference at this time.

Respectfully submitted,

For Plaintiffs:

/s/ Wallace C. Solberg
Wallace C. Solberg

Wallace C. Solberg
Patrick J. Solberg
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Tele: 847-368-1500
wsolberg@andersonwanca.com
psolberg@andersonwanca.com

For Defendant:

/s/ Chirag H. Patel (with permission)
Chirag H. Patel

Chirag H. Patel
CLARK HILL PLC
100 E. Randolph St. Suite 3900
Chicago, IL 60601
Tele: 312-985-5900
cpatel@clarkhill.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2026, a true and correct copy of the foregoing Initial Status Report was e-filed and served on all counsel of record using the Court's CM/ECF system.

/s/ Wallace C. Solberg

12