**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RANDALL CUNNINGHAM, ISABEL SIPPO-STOCKMAN, SRUTI BHAUMIK, and KUAWANDA RAGLAND, individually and as the representatives of a class of similarly situated persons, | ) ) ) ) ) | Case No.: 1:26-cv-00708 |
| | ) | |
| Plaintiffs, | ) | Honorable John Robert Blakey |
| | ) | |
| v. | ) ) | |
| | ) | |
| SMARTE INC., a California corporation, | ) ) | |
| Defendant. | ) | |

**AMENDED JOINT STATUS REPORT**

Plaintiffs Randall Cunningham, Isabel Sippo-Stockman, Sruti Bhaumik, and Kuawanda Ragland and Defendant SMARTe, Inc (collectively, "the Parties") have conferred as required by Rule 26(f) and this Court's April 10, 2026, Order (Doc. 17), and submit the following Amended Status Report.

**I.     Nature of Case.**

**A.     Attorneys of record:**

For Plaintiffs:

Wallace C. Solberg
Patrick J. Solberg
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Tele: 847-368-1500
wsolberg@andersonwanca.com
psolberg@andersonwanca.com

For Defendant:

Chirag H. Patel
CLARK HILL PLC
100 E. Randolph St. Suite 3900
Chicago, IL 60601
Tele: 312-985-5900
cpatel@clarkhill.com

Myriah V. Jaworski (*pro vac vice* forthcoming)
CLARK HILL PLC
350 Tenth Avenue, Suite 1200
San Diego, CA 92101
mjaworski@clarkhill.com

B.      **Nature of Claims:**

**<u>Plaintiffs' Statement:</u>** Plaintiffs bring this First Amended Class Action Complaint ("FAC") alleging that Defendant violated their right of publicity under state statutes in Illinois, California, and Alabama. These state statutes protect individuals from the unauthorized use of their identities for commercial purposes without first obtaining consent. *See* Illinois Right of Publicity Act ("IRPA"), 765 ILCS § 1075/1 *et seq.*; California Civil Code § 3344, *et seq.*; and Alabama Right of Publicity Act ("ARPA") Ala. Code § 6-5-770 *et seq*. Plaintiffs seek to certify classes for each of these states.

Defendant provides an internet-based business search platform to help visitors to its website connect with prospective business-to-business ("B2B") clients. Users of Defendant's platform can search for and obtain information about companies and individuals from its database. For individuals, this information is presented as a "profile" and includes such information as their names, contact information, and job titles. Defendant allows users to access and use its platform for free after providing a business email address. However, this free access is limited in platform functionality and the number of profiles that can be viewed. Defendant also provides users with paid subscription access to its platform and database. The paid subscriptions allow the user to access more platform tools and individual profiles. Plaintiffs allege that Defendant provides free access to its platform and database to have users familiarize themselves with the platform to market paid subscriptions.

Plaintiffs and the putative class members have no relationship with Defendant. They do not and have not subscribed to or used Defendant's platform. Plaintiffs and the putative class members allege they never provided Defendant with consent, written or otherwise, to use their identity to advertise paid for subscriptions to its platform. Plaintiffs further allege that, despite

2

failing to obtain their consent, Defendant utilized their personal identifying information for the purpose of enticing users of Defendant's platform to enter into paid premium subscriptions for additional access to the platform. In other words, Plaintiffs allege that Defendant used their identities for commercial purposes without their permission in violation of the various right of publicity statutes. Federal district courts here and elsewhere have consistently found such allegations a "textbook" example of using a person's identity for a commercial purpose. *See Lukis v. Whitepages, Inc. ("Lukis I"),* 454 F. Supp. 3d 746, 760 (N.D. Ill. 2020) (the use of a person's name and identity in a free preview to solicit subscriptions for an online web database is "a textbook example under the IRPA of using a person's identity for a commercial purpose"); *Green v. Datanyze*, 2024 WL 168123, at *2 (N.D. Ill. Jan. 16, 2024) (same) (collecting cases); *Kis v. Cognism, Inc.*, 2024 WL 3924553, at *5-*6 (N.D. Cal. Aug. 23, 2024) (Cal. Civ. Code § 3344); *Camacho v. Control Group Media Co., LLC*, 2022 WL 3093306, at *30 (S.D. Cal. July 18, 2022) (Cal. Civ. Code § 3344 and ARPA).

**Defendant's Statement:** Over the past half-decade this Court has seen a proliferation of cases attempting to adapt statutory right of publicity laws to websites that contain any sort of search functionality containing information about individuals. As Plaintiffs observe, a necessary element of every right of publicity statute is use of an individual's identity "for a commercial purpose." *See Pls.' Stmt., supra*; 765 ILCS 1075/30 ("A person may not use an individual's identity for commercial purposes"); Cal. Civ. Code § 3344(a)(1) (prohibiting use of identity information "on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services . . . ."); AL Code § 6-5-772 (prohibiting "the use of the indicia of identity . . . on or in products, goods, merchandise, or services . . . or for purposes of advertising or selling, or soliciting . . . ").

3

Applying the "commercial use" element to claims against search-based websites, this Court (and others) have repeatedly held that there is no "commercial use" when a plaintiff was never searched by an independent third-party (or was only searched by the plaintiff's attorney or agent.) *Hoffower v. Seamless Contacts Inc.*, 736 F. Supp. 3d 605, 614 (N.D. Ill. 2024) (Kennelley, J.) (granting summary judgment where there was "no evidence that the [defendant's website] displayed [the plaintiff's] information at any time other than the single instance when her then attorney searched her name on the [defendant's] website."; *Braundmeier v. Ancestry.Com Operations, Inc.,* 764 F. Supp. 3d 749, 756 (N.D. Ill. 2025) (granting summary judgment holding that "like "plaintiff in *Hoffower*, the only evidence plaintiffs present of Ancestry displaying their identifying information is the results of a search conducted by their attorney"); *Wilson v. Ancestry.com LLC,* No. 2:22-CV-861, 2024 WL 3992356, at *7 (S.D. Ohio Aug. 27, 2024), *appeal dismissed*, No. 24-3842, 2025 WL 918700 (6th Cir. Jan. 16, 2025) (granting summary judgment finding that "[t]he undisputed facts before the Court establish that the Pop-Up with [plaintiff's] likeness never existed, so the underlying alleged commercial use and misappropriation never occurred"); *see also Ambrozewicz v. 6Sense Insights, Inc*., 804 F. Supp. 3d 1026, 1036 (N.D. Cal. 2025) (granting 12(b)(6) motion finding very similar website was not "sufficiently commercial to fall within the scope of" Illinois, California, Ohio, and Indiana right of publicity statutes); *Azuz v. Accucom Corp*., No. 21 C 1182, 2025 WL 2807653, at *6 (N.D. Ill. Oct. 2, 2025) (Hunt, J.) (granting factual 12(b)(1) challenge holding that "mere presence of Plaintiff's information on the [defendant] website causes no concrete injury if it is not accessed by a third party for [defendant's] commercial purpose").

Like in *Hoffower, Braundmeier, Wilson, Ambrozewicz,* and *Azuz,* in this case, there has been no commercial use as matter of fact or law. Like in *Ambrozewicz* (which featured a nearly

4

identical website), Defendant's website is not "sufficiently commercial to fall within the scope of" the right of publicity statutes alleged, as a matter of law. But in any event, like the plaintiffs in *Hoffower, Braundmeier, Wilson,* and *Azuz,* there was no commercial use as a matter of fact because Plaintiffs have only been viewed on Defendant's website by Plaintiffs' own agents in preparation of this litigation (either plaintiff's counsel or its investigator, Darrow.AI). Plaintiffs' right of publicity theory also violates the 1st Amendment, as applies because it penalizes the publication of truthful information. *See Vrdolyak v. Avvo, Inc.,* 206 F. Supp. 3d 1384, 1388 (N.D. Ill. 2016) (Gettleman, J.).

Because the issue of the lack of "commercial use" is dispositive and based on simple facts, Defendant intends to file a file a motion for summary judgment regarding commercial use in accordance with the schedule set forth below (if approved by the Court). Defendant's motion for summary judgment will be submitted by the necessary facts to demonstrate that no commercial use occurred for any of the Plaintiff. The Parties have agreed at this time to bifurcate discovery to address the single issue of commercial use. Defendant contests Plaintiffs' claims and damages. To date, there have been no counterclaims or third-party claims filed.

**C.      Legal and Factual Issues:**

1.      Whether Defendant used Plaintiffs Randall Cunningham and Isabel Sippo-Stockman's "identit[ies] for commercial purposes . . . without having obtained previous written consent" in violation of 765 ILCS 1073/30.

2.      Whether the allegations of Plaintiffs Cunningham and Sippo-Stockman satisfy the requirements of Fed. R. Civ. P. 23 with respect to Plaintiffs' proposed Illinois Class.

3.       Whether Defendant knowingly used Plaintiff Sruti Bhaumik's name . . . for the purpose of advertising or selling or soliciting purchases of . . . services without her consent"

in violation of Cal. Civ. Code § 3344.

4.     Whether the allegations of Plaintiff Bhaumik satisfy the requirements of Fed. R. Civ. P. 23 with respect to Plaintiffs' proposed California Class.

5.     Whether Defendant "used or caused the use of an indicia of identity of" Plaintiff Kuawanda Ragland "for the purposes of advertising or selling, or soliciting purchases of . . . services" in violation of Alabama Code § 6-5-772.

6.     Whether the allegations of Plaintiff Ragland satisfy the requirements of Fed. R. Civ. P. 23 with respect to Plaintiffs' proposed Alabama Class.

7.     Whether Plaintiffs and the putative classes are entitled to damages under the respective state laws applicable to such classes.

8.     Whether Plaintiffs right of publicity theories, as applied, violate the First Amendment.

**D.     Relief Sought:**

Plaintiffs seek an order: (i) declaring that Defendant's conduct violates the various right of publicity statutes; (ii) requiring that Defendant cease the unlawful activities described herein; (iii) awarding Plaintiffs and the proposed Classes statutory damages in an amount prescribed by statute per violation or an amount equal to actual damages/profits, whichever is greater; and (iv) an award for punitive damages, if warranted, and attorneys' fees and costs.

Defendant denies that Plaintiffs are entitled to any relief whatsoever.

**II.     Jurisdiction.**

Defendant removed this case from Illinois state court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. (Doc. 1). Defendant alleges that the Court has jurisdiction over this action based

6

upon the allegations of the Original Complaint[1] because (i) it is brought as a putative class action, (ii) the matter in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs, (iii) a member of the putative class of Plaintiffs is a citizen of a State different from Defendant, (iv) Defendant is not a state, state official, or other governmental entity, and (v) the putative class exceeds one hundred members. *See* 28 U.S.C. § 1332(d); Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1 *et seq.*

With respect to jurisdiction, the Court raises two direct concerns for this report—the amount in controversy and the state of citizenship of each named party. As to the first concern, the amount in controversy exceeds the jurisdictional threshold. Plaintiffs seek, among other relief, statutory damages and injunctive relief under IRPA, California Civil Code § 3344, and ARPA. The statutory damages for each statute are as follows:

(i)     IRPA, $1,000 per violation, 765 ILCS § 1075/40;

(ii)    (ii) California Civil Code § 3344, $750 per person; and

(iii)   (iv) ARPA, $5,000 per action, Ala. Code § 6-5-774.

Based on the allegations in the Original Complaint, along with the scope and extent of the Defendant's database, the total amount of damages—if successful—will exceed $5,000,000. Plaintiffs have no reason to dispute this conclusion; however, Plaintiffs note that Defendant is in sole possession of the number of individuals contained in its database.

As to citizenship, Plaintiffs are citizens of Illinois, California, and Alabama. Defendant is a California corporation with its principal place of business located in California. Because at least one member of the proposed class is a citizen of a state different from any defendant, minimal diversity exists. *See* 28 U.S.C. § 1332(d)(2)(A).

---

[1] The filing of the FAC does not impact Defendant's jurisdictional analysis.

**III.    Status of Service.**

All parties have been served.

**IV.    Consent to Proceed Before a United States Magistrate Judge.**

The Parties have discussed the advantages of a Magistrate Judge referral, among themselves and with their respective clients, and the Parties have **not** unanimously consented to proceed before the assigned Magistrate Judge.

**V.    Motions.**

**Defendant's Position:** As set forth in Section (I)(B), *supra*, Defendant intends to move for summary judgment based on the lack of commercial use. Defendant requests bifurcated discovery on the issue of commercial use.

**Plaintiffs' Position:** Plaintiffs will respond to Defendant's Motion for Summary Judgment following completion of the discovery discussed below and in accordance with the schedule set forth below if approved by the Court.

**VI.    Case Plan.**

**Defendant's Position**: This Court should allow primary bifurcated discovery on the issue of "commercial use." As set forth below, Plaintiffs do not oppose this request. The parties' proposed schedule would complete bifurcated discovery in 90 days, and briefing would begin 30 days thereafter (*see* proposed schedule in subsection (a), *infra*). If the motion for summary judgment is not granted, Defendant believes that remaining class discovery and merits can be completed on a nine-month schedule from the denial of that motion.

Facts related to the issue of commercial use are simple generally in Defendant's possession (business records demonstrating a lack of commercial use by a third-party on the website). Defendant will confer with Plaintiffs on stipulations of facts. Where stipulations are not possible,

the parties will confer on limited scope discovery on the issue of "commercial use." Defendant will require Plaintiffs' depositions in this bifurcated phase only if Plaintiffs intend to submit evidentiary information from Plaintiffs in support of their opposition to summary judgment.

**Plaintiff's Position**: While Plaintiffs contend that the authorities cited by Defendant in support of its commercial use argument—*Hoffower, Braundmeier, Wilson, Azuz, Ambrozewicz*, and *Vrdolyak*—are either factually inapposite, wrongly decided, and/or contrary to substantial authority in the Northern District of Illinois—Plaintiffs have no objection to bifurcating discovery at this point in the litigation to solely address Defendant's commercial use argument. Assuming the Court is amenable to this approach, Plaintiffs will seek (i) documents and testimony (or stipulations) regarding the presence of Plaintiffs' identities and other related information of Plaintiffs' contained in the SMARTe database, (ii) the nature and contents of the Smarte database, (iii) the results of all searches of the Smarte database conducted by Defendant or any other third party regarding Plaintiffs; (iv) facts regarding the nature, purpose, and goal of Defendant's offer of a free trial; and (v) documents related to the marketing of the SMARTe platform through the free trial. The parties will attempt to agree upon stipulations of facts on relevant factual issues. In the event the parties are unable to stipulate to certain relevant facts, Plaintiffs will seek testimony from a Rule 30(b)(6) witness or a Declarant (Defendant advises it will submit a Declaration in support of its Motion for Summary Judgment) regarding said facts. Finally, Plaintiffs do not anticipate the need for an expert regarding Defendant's anticipated Motion for Summary Judgment; if that circumstance changes, Plaintiff will advise Defendant and the Court of same. As discovery has been bifurcated for the commercial use issue, Plaintiffs do not agree to be deposed absent their raising affirmative matter in opposition to summary judgment. If the motion for summary judgment is denied, the parties will request that the Court set a schedule for class

9

discovery and class certification briefing.

### A. Schedule for Defendant's Summary Judgment (*See* Section (I)(B), *supra*).

| Event | Deadline |
|---|---|
| Completion of Discovery Regarding Commercial Use | August 21, 2026 |
| Defendant's Motion for Summary Judgment Regarding Commercial Use | September 21, 2026 |
| Plaintiffs' Response to Motion for Summary Judgment | October 21, 2026 |
| Defendant's Reply in Support of Summary Judgment | November 11, 2026 |

### B. Trial.

Neither party has demanded a jury trial. Until the triable issues are framed by the Court's decision on summary judgment, it is difficult to estimate the length of a trial. Given the nature of the claims at issue however, the Parties anticipate a trial should last approximately **three (3) to five (5)** trial days.

## VII. Status of Settlement Discussions.

The Parties have engaged in settlement discussions. Defendant is amendable to a settlement conference with the Magistrate Judge.

Respectfully submitted,

For Plaintiffs:

/s/ Wallace C. Solberg
Wallace C. Solberg
Patrick J. Solberg
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Tele: 847-368-1500
wsolberg@andersonwanca.com
psolberg@andersonwanca.com

For Defendant:

/s/ Chirag H. Patel (with permission)
Chirag H. Patel
CLARK HILL PLC
100 E. Randolph St. Suite 3900
Chicago, IL 60601
Tele: 312-985-5900
cpatel@clarkhill.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 21, 2026, a true and correct copy of the foregoing Initial Status Report was e-filed and served on all counsel of record using the Court's CM/ECF system.

/s/ Wallace C. Solberg

11